**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

NOV 10 2016

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LYDIA VASQUEZ-BRENES; RICARDO BRENES, <br><br> Plaintiffs-Appellees, <br><br> v. <br><br> LAS VEGAS METROPOLITAN POLICE DEPARTMENT, <br><br> Defendant, <br><br>  and <br><br> SEAN MILLER, <br><br> Defendant-Appellant. | No. 14-16939 <br><br> D.C. No. 2:12-cv-01635-JCM-VCF <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Argued and Submitted October 19, 2016
Stanford, California

Before: CALLAHAN, HURWITZ, and OWENS, Circuit Judges.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

After Officer Sean Miller of the Las Vegas Metropolitan Police Department shot and killed Anthony Brenes, Brenes's wife and father (collectively, "Vasquez-Brenes") filed a 42 U.S.C. § 1983 action claiming that Miller's use of deadly force violated Brenes's constitutional rights. The district court denied Miller's motion seeking summary judgment on the basis of qualified immunity. We reverse.

1. Vasquez-Brenes argues that we lack jurisdiction under 28 U.S.C. § 1291 over this appeal because the district court relied upon material disputed facts in denying summary judgment. *See Johnson v. Jones*, 515 U.S. 304, 319–20 (1995). But on appeal, Miller argues that even if all contested facts are construed in the light most favorable to Vasquez-Brenes, he was nonetheless entitled to qualified immunity as a matter of law. The denial of qualified immunity is an appealable final decision under § 1291 "to the extent that it turns on an issue of law," *Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985), and we therefore have jurisdiction over Miller's appeal.

2. A police officer is entitled to qualified immunity unless his conduct violated a constitutional right that was clearly established at the time of the violation. *Sorrels v. McKee*, 290 F.3d 965, 969 (9th Cir. 2002). The inquiry into whether a right was clearly established "must be undertaken in light of the specific context of the case, not as a broad general proposition . . . ." *Saucier v. Katz*, 533 U.S. 194, 201 (2001). The contours of the right must have been sufficiently clear that any

reasonable official would have understood that his conduct violated the right; "existing precedent must have placed the . . . constitutional question beyond debate." *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011).

Vasquez-Brenes argues that Miller's conduct violated the clearly established federal law set forth in *Curnow v. Ridgecrest Police*, 952 F.2d 321 (9th Cir. 1991). But that case involved an officer's use of deadly force on a fleeing armed suspect. *Id.* at 325. This case involves the use of deadly force on a large man wielding a blunt object who continued to advance on Miller after repeated warnings and after being tased twice and shot twice with beanbag rounds. *Curnow* thus is plainly distinguishable, and no other case cited by Vasquez-Brenes provides the specific guidance required by the Supreme Court. *See Saucier*, 533 U.S. at 201. Thus, even assuming that Miller's conduct violated Brenes's constitutional rights, it did not violate clearly established law.[1]

---

[1]     Nor do the cases cited by the dissent place the "constitutional question beyond debate." *See al-Kidd*, 563 U.S. at 741. In *A.K.H. v. City of Tustin*, an officer fatally shot an unarmed suspect as he was removing his hand from his sweatshirt pocket. No. 14-55184, 2016 WL 4932330, at *2–3 (9th Cir. Sept. 16, 2016). In *Glenn v. Washington County*, officers fatally shot an intoxicated man who held a pocketknife to his own neck while threatening to commit suicide. 673 F.3d 864, 868–69 (9th Cir. 2011). These cases address whether the defendant officer reasonably believed deadly force "was necessary to protect himself or others from death or serious bodily harm." *See Ting v. United States*, 927 F.2d 1504, 1511 (9th Cir. 1991). But we have assumed *arguendo* that Miller's use of deadly force violated Brenes's constitutional rights. The jury's resolution of an issue of disputed fact under these circumstances is only material if Miller's conduct violates clearly established law under Brenes's version of events, but not under Miller's version. Even if we resolve all factual

3

3. We reverse and remand with instructions to grant Miller's motion for summary judgment on qualified immunity.

**REVERSED AND REMANDED.**

---

disputes in Brenes's favor, neither Vasquez-Brenes nor the dissent have cited authority showing that Miller's conduct violated clearly established law.

*Vasquez-Brenes v. LVMPD*, No. 14-16939

CALLAHAN, Circuit Judge, concurring:

I fully concur in the memorandum disposition. I write separately only to state that I also find that, taking the facts in the light most favorable to Brenes, Officer Miller's conduct did not violate a constitutional right. *See Gonzalez v. City of Anaheim*, 747 F.3d 789, 793 (9th Cir.) (deadly force reasonable if officer has probable cause to believe suspect poses significant threat of death or serious physical injury), *cert. denied sub nom. Wyatt v. F.E.V.*, 135 S. Ct. 676 (2014).

FILED

NOV 10 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

OWENS, Circuit Judge, dissenting:

On the morning of November 15, 2010, Anthony Brenes walked around a parking lot with a cane and at one point threw a rock.  Less than three minutes after police arrived to ensure public safety, Brenes was dead.  Whether bean bag rounds and taser jolts failed to stop his walking is, in my view, irrelevant.  What matters – and what a jury should decide – is if the officer reasonably believed that deadly force was needed to save his own life.  *See, e.g.*, *A.K.H. v. City of Tustin*, No. 14-55184, 2016 WL 4932330, at *5-6 (9th Cir. Sept. 16, 2016) (affirming denial of qualified immunity to officer who "escalated to deadly force very quickly" after the suspect, whose crime did not "involve[] the use of serious or deadly force," failed to immediately take his hand out of his pocket); *Glenn v. Washington County*, 673 F.3d 864, 866, 873-74, 878 (9th Cir. 2011) (reversing grant of summary judgment to officers who, within four minutes of their arrival, shot with bean bag rounds and then fatally shot the suicidal and intoxicated victim, who did not comply with orders to put down a pocketknife, which he did not brandish at anyone).  There are too many unanswered questions to take this question away from the jury.